IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONNIE JAMES PETTWAY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:20-cv-897-WKW-JTA |
| | ) |
| SABIC INNOVATIVE PLASTICS | ) |
| US LLC, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Ronnie James Pettway, Jr., proceeding *pro se*, commenced this action by filing a complaint on November 4, 2020.  (Doc. No. 1.)  Thereafter, Defendant Sabic Innovative Plastics US LLC filed a motion to dismiss.  (Doc. No. 40.)  This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.  (Doc. No. 4.)

On February 3, 2022, this court ordered Plaintiff to show cause why Defendant's motion should not be granted.  (Doc. No. 42.)  In said Order, Plaintiff was cautioned that his failure to comply with the directives of that Order would result in a Recommendation by the undersigned that this case be dismissed.  (*Id*. at 1.)  There is nothing before the court indicating this Order failed to reach Plaintiff.

The time allowed for Plaintiff to respond to Defendant's motion to dismiss expired on February 22, 2022.  (*Id*.)  To date, Plaintiff has not filed a response, sought an extension, or otherwise complied with the Order of the court.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or follow a court order. Fed. R. Civ. P. 41(b). *See also Coleman v. St. Lucie Cnty. Jail*, No. 11–10518, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, No. 06-13131, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). *See also Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket").

While the court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. *See Coleman*, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); *Taylor*, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint

2

rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); *Brown*, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). Here, Plaintiff failed to follow this court's Order despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citation omitted). Consequently, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that **on or before March 14, 2022**, the parties may file an objection to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which they object. The parties are advised that frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 25th day of February, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE